

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-82,790-01

### EX PARTE MARCEL DAVIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W09-57260-R(A) IN THE 265TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of injury to a child and sentenced to fifty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Davis v. State*, No. 05-11-00585-CR (Tex. App.—Dallas Apr. 5, 2012) (not designated for publication).

Applicant contends, among other things, that counsel failed to explain the culpable mental states in § 22.04 of the Penal Code, the injury to a child statute. He also contends that at punishment

counsel elicited testimony that he sold pills and marihuana. Counsel responded in a sworn affidavit, and the trial court made findings of fact and conclusions of law and recommended that we deny relief. We believe that the record is not adequate to resolve these claims.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order a second response from counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing counsel's second response, the trial court shall make further findings of fact as to whether counsel explained the culpable mental states in § 22.04. The trial court shall also determine whether counsel requested notice under Article 37.07, § 3(g) of the Code of Criminal Procedure, the State provided timely notice that it intended to introduce evidence that Applicant sold pills and marihuana, and this evidence would have been offered and admissible had it not been elicited by counsel. The trial court shall then make further conclusions of law as to whether counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also order the District Clerk to forward a copy of the State's Article 37.07 notice, if it exists. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 18, 2015
Do not publish